FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 JAN 16  A 11: 19

CLERK  Cadell
      SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

LARRY A. WALTHOUR,                    :
                                      :
          Plaintiff,                  :
                                      :
     v.                               :          CIVIL ACTION NO.: CV206-278
                                      :
McINTOSH COUNTY, GEORGIA;             :
McINTOSH COUNTY SHERIFF               :
DEPARTMENT; McINTOSH COUNTY           :
SHERIFF; JAIL ADMINISTRATOR;          :
JAIL CAPTAIN; JAIL SHIFT              :
SUPERVISOR; JAIL SECRETARY;           :
McINTOSH COUNTY PUBLIC                :
DEFENDER; Chief FRANKLIN              :
HUNTER; Public Defender BRANNEN       :
CLARKE; Superior Court Judge          :
CAVENDER; Superior Court Judge        :
RUSSELL; DISTRICT ATTORNEY'S          :
OFFICE; Officer DAIMUNE HARRIS;       :
Lt. RONALD KING; AUNDRE RODGERS;      :
OGEECHEE CIRCUIT PUBLIC               :
DEFENDER; Magistrate Judge TERESA     :
JENNINGS, and the CITY OF DARIEN,     :
                                      :
          Defendants.                 :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Glynn County Detention Center in

Brunswick, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain

conditions of his confinement.  A prisoner proceeding in a civil action against officers or

employees of government entities must comply with the mandates of the Prison Litigation

Reform Act, 28 U.S.C.  §§ 1915 & 1915A.  In determining compliance, the court shall be

AO 72A
(Rev. 8/82)

guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing.  The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary  damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b).  As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii).  Mitchell, 112 F.3d at 1490.  The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief.  Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490.  While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff vaguely alleges that a "false statement was given," and that "Officer Harris did not investigate . . . so I was denied due process."  Plaintiff contends that several named Defendants were "negligen[t] and [in] conspiracy in this matter."  Plaintiff further asserts

2

that he was assaulted by another inmate and made to use his own "out of pocket insurance" for treatment.  Plaintiff again asserts that several named Defendants "was in conspiracy and negligence in this matter."  (Doc. No. 1, p. 5).

Plaintiff's contentions are largely incomprehensible.  At most, Plaintiff has alleged that prison officials were negligent in "not do[ing] anything about the assault" by another inmate.  While a prison inmate has a constitutional right to be protected from the threat of violence and from physical assault, Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986), in order to state a section 1983 cause of action against prison officials in this regard, a plaintiff must allege at least some degree of conscious or callous indifference on the part of officials.  Id. at 400 (citing Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)). Plaintiff has not done so.  Furthermore, Plaintiff's allegation that Defendants acted with mere negligence is insufficient to support a claim under 42 U.S.C. § 1983.  Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 664, 88 L. Ed. 2d 662 (1986).  "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."  Baker v. McCollan, 443 U.S. 137, 146, 99 S. Ct. 2689, 2695, 61 L. Ed. 2d 433 (1979).  Finally, Plaintiff's claims also appear to be wholly unrelated.  A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  Even construing Plaintiff's allegations liberally, he has set forth no set of facts against the Defendants that could arguably entitle him to his requested relief.  Plaintiff's allegations against Defendants are frivolous and fail to state a claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A.

3

## CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, as he has failed to state a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C.A. § 1915A.

So **REPORTED** and **RECOMMENDED**, this _16th_ day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev. 8/82)